Filed 10/3/13  Marik v. University Village CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAROSLAV MARIK et al., | B247171 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BS123468) |
| v. | |
| UNIVERSITY VILLAGE, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Soussan G. Bruguera, Judge.  Reversed in part and otherwise affirmed.

Douglas Caiafa for Plaintiffs and Appellants.

De Castro, West, Chodorow, Mendler, Glickfeld & Nass and Jerry L. Kay for Defendant and Respondent.

Plaintiffs and appellants Jaroslav Marik, M.D. (Marik) and Letkov Financial Partners, LP (Letkov) (sometimes collectively referred to as Marik) appeal a judgment confirming an arbitration award, insofar as the judgment awards defendant and respondent University Village, LLC (UV-LLC) reasonable attorney fees of $51,575 incurred in the arbitration, as well as post-arbitration attorney fees of $6,450, for a total fee award of $58,025.

For the reasons discussed below, we reverse the judgment to the extent it awards UV-LLC post-arbitration attorney fees of $6,450 and otherwise affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Arbitration proceedings.*

Marik is a member of UV-LLC, which was involved in development projects near the UC Riverside campus.  Letkov was the entity by which Marik made investments in UV-LLC.

In November 2009, Marik and Letkov filed a petition to compel arbitration against UV-LLC. The petition sought arbitration of a dispute that UV-LLC failed to produce financial documentation regarding investments and loans that UV-LCC members made to UV-LLC, and payments that UV-LLC made to the members.

In February 2012, the arbitrator issued his "Final Award" in favor of UV-LLC. The arbitrator found that UV-LLC had produced all documents responsive to the request for production from Marik and Letkov.  The arbitrator's Final Award declared UV-LLC to be the prevailing party, and provided that UV-LLC was entitled to its reasonable attorney fees in the amount of $51,575 as well as costs in the amount of $5,969.

2. *Superior court proceedings.*

UV-LLC filed a petition to confirm the arbitrator's Final Award. The parties argued the petition to the trial court on March 22, 2012, and the court took the matter under submission.  On May 24, 2012, the trial court entered an order granting UV-LLC's petition "in its entirety," and entered judgment in favor of UV-LLC. The judgment provided that UV-LLC had produced all records that it was required to

2

produce, and that it was entitled to attorney fees and costs "pursuant to law," and entitled to post-arbitration attorney fees and costs "pursuant to law."[1]

Seven months later, on December 20, 2012, the trial court entered a judgment fixing UV-LLC's attorney fees and costs in the following amounts:

(i)  $51,575 in attorney fees as the prevailing party in arbitration;

(ii)  $5,969 in costs as the prevailing party in arbitration;

(iii)  An additional $6,450 in attorney fees associated with the petition to confirm the arbitrator's award and the motion fixing the amount of attorney fees and costs; and

(iv)  An additional $80 in court costs.

3.  *Appellate proceedings; order partially dismissing appeal.*

On February 7, 2013, Marik and Letkov filed a notice of appeal.  The notice of appeal specified they appealed "from the Order and Judgment Confirming Arbitration Award" that was entered on December 20, 2012.

On February 28, 2013, UV-LLC filed a motion to dismiss the appeal as untimely.  UV-LLC contended the only event that had occurred in this matter was entry of judgment on May 24, 2012, and the notice of appeal, filed February 7, 2013, was filed more than 180 days after entry of judgment.

---

[1]  In its May 24, 2012 judgment, the trial court purported to confirm the arbitration award "in its entirety."  However, at that time, the trial court did not award UV-LLC the $51,575 in attorney fees that were specified in the Final Award. Instead, the trial court reserved the issue of arbitration attorney fees for later determination, and it ultimately included the $51,575 award of arbitration attorney fees in the December 20, 2012 judgment.  However, it was not the role of the trial court to make an award of arbitration attorney fees to the prevailing party in the arbitration proceeding; the issue of arbitration attorney fees was within the purview of the arbitrator.  Post-arbitration, the trial court's role was confined to confirming, vacating or correcting the arbitrator's award (Code Civ. Proc., § 1285 et seq.), as well as to entertain the movant's request for *post-arbitration* attorney fees.  The trial court's error in reserving the issue of arbitration attorney fees for later determination is what led to the tortuous procedural history of this case.

3

In an order filed April 4, 2013, Division Eight of this court[2] partially dismissed the appeal. It ruled: "*On appeal, [Marik and Letkov] may challenge issues concerning attorney's fees and costs awarded in the judgment entered on December 20, 2012*. To the extent [Marik and Letkov] attempt on appeal to raise issues regarding the arbitrator's decision on production of records, as confirmed by the judgment entered on May 24, 2012, those issues are beyond the jurisdiction of this court and must be and hereby are dismissed." (Italics added.)

## CONTENTIONS

Marik contends the trial court erred in awarding attorney fees to UV-LLC because the contract between Marik and UV-LLC did not contain an attorney fee provision.

## DISCUSSION

1. *Marik's appeal from the December 20, 2012 judgment enables this court to address all the attorney fees which were awarded to UV-LLC*.

UV-LLC contends Marik cannot challenge the arbitrator's award to UV-LLC of $51,575 in attorney fees because the trial court entered judgment on May 24, 2012, granting UV-LLC's petition to confirm the award in its entirety, and Marik did not file notice of appeal until February 7, 2013. Therefore, according to UV-LLC, the sole issue Marik may raise on appeal is the trial court's award of *post-arbitration* attorney fees and costs, which were set forth in the December 20, 2012 judgment.

UV-LLC's arguments in this regard are unavailing. UV-LLC fails to address the impact of Division Eight's April 4, 2013 order partially dismissing Marik's appeal. To reiterate, Division Eight ruled: "On appeal, [Marik and Letkov] *may challenge issues concerning attorney's fees and costs awarded in the judgment entered on December 20, 2012*. To the extent [Marik and Letkov] attempt to raise issues regarding the arbitrator's decision on production of records, as confirmed by

---

[2]     This matter initially was assigned to Division Eight before being transferred to Division Three.

4

the judgment entered on May 24, 2012, those issues are beyond the jurisdiction of this court and must be and hereby are dismissed." (Italics added.)

Thus, Division Eight already has determined the scope of the issues which Marik may raise on appeal. Division Eight held that because Marik did not file notice of appeal from the May 24, 2012 judgment confirming the award, Marik is barred from attacking the arbitrator's determination that UV-LLC had produced all records that it was required to produce; on the other hand, "[Marik] may challenge issues concerning attorney's fees and costs awarded in the judgment entered on December 20, 2012." As indicated, the December 20, 2012 judgment enumerates all the attorney fees awarded to UV-LLC, i.e., $51,575 for the arbitration and $6,450 for post-arbitration attorney fees.

The impact of Division Eight's order is that Marik's notice of appeal from the December 20, 2012 judgment enables this court to review Marik's challenge to all the attorney fees specified in said judgment.

2. *No merit to Marik's contention the trial court should have corrected the arbitration award to eliminate the arbitrator's award of attorney fees to UV-LLC.*

As indicated, the arbitrator's Final Award included the finding that "[UV-LLC] is entitled to its reasonable attorneys' fees in the amount of $51,575 . . . ." Consistent therewith, the trial court, in its final judgment entered December 20, 2012, awarded UV-LLC "the amount of $51,575.00 as prevailing party legal fees . . . ."

On appeal, Marik contends the trial court should have corrected the arbitration award pursuant to Code of Civil Procedure section 1286.6.[3] Marik asserts the petition for arbitration did not request attorney fees, the petition did not sue on any contract which contained an attorney fee clause, and because "attorneys' fees were

---

[3] Code of Civil Procedure section 1286.6 states in pertinent part: "[T]he court . . . shall correct the award and confirm it as corrected if the court determines that: [¶] . . . [¶] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted . . . ."

5

not pleaded in the Petition as an item of costs or damages, awarding them was beyond the scope of the arbitrator's powers and should have been corrected by the trial court."

Marik's contention is belied by the record. In a post-arbitration brief filed with the arbitrator on or about December 6, 2011, Marik requested attorney fees from the arbitrator. The post-arbitration brief stated in pertinent part: "PLAINTIFFS ARE ENTITLED TO REASONABLE ATTORNEYS' FEES AND COSTS [¶] To the extent that any party is entitled to attorneys' fees, it should be to Petitioners. Since Defendant refused Plaintiffs' request for documents under the Operating Agreement and forced Plaintiffs to Demand Arbitration and file the instant Petition, and since Plaintiffs have obtained some relief as established at arbitration . . , they should be determined to be 'prevailing parties.' As such, they are entitled to attorneys' fees and costs pursuant to the Operating Agreements attached to the Petition as Exhibit F. Plaintiffs are also entitled to fees and costs under Civil Code Section 1717 and the rules of the American Arbitration Association which grants discretion to the Arbitrator to award such fees and costs. Plaintiffs therefore request this Arbitrator to set a hearing for such once this matter has been resolved."

Thus, both sides to the arbitration requested an award of reasonable attorney fees from the arbitrator. Two months later, on February 10, 2012, the arbitrator issued his Final Award, awarding $51,575 in reasonable attorney fees to UV-LLC. Because both Marik and UV-LLC submitted the issue of attorney fees to the arbitrator, there is no merit to Marik's assertion the arbitrator exceeded his powers by deciding the issue of attorney fees.

Because both Marik and UV-LLC submitted the issue of attorney fees to the arbitrator, Marik cannot assert the arbitrator exceeded his powers in addressing the issue of attorney fees. With the issue of attorney fees having been tendered to the arbitrator, the arbitrator resolved the competing requests for attorney fees in UV-LLC's favor. Because both parties submitted the issue of attorney fees to the

6

arbitrator, the trial court properly refused Marik's request that the trial court "correct" the award to eliminate the arbitrator's award of $51,575 in attorney fees to UV-LLC.

It is settled that arbitrators do not exceed their powers "merely by rendering an erroneous decision on a legal or factual issue, so long as the issue was within the scope of the controversy submitted to the arbitrators." (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775.) Here, as explained, the parties submitted the issue of attorney fees to the arbitrator. Therefore, any error by the arbitrator in awarding attorney fees to UV-LLC would have been at most an error of law, not an act exceeding the arbitrator's powers. (See *Taylor v. Van-Catlin Construction* (2005) 130 Cal.App.4th 1061, 1068 [even if arbitrator incorrectly applied the statute on which a party based its request for attorney fees "it would have amounted to an error of law, not an act exceeding his powers" and therefore not subject to judicial review].)

We conclude the trial court properly refused Marik's request to "correct" the award.

3. *Due to the absence of an attorney fee provision in the contract between Marik/Letkov and UV-LLC, there is no basis for the award of post-arbitration attorney fees to UV-LLC; therefore, the award of $6,450 in post-arbitration fees must be reversed.*

In addition to the award of $51,575 in attorney fees for UV-LLC's defense of the arbitration, the trial court awarded UV-LLC $6,450 in post-arbitration attorney fees. Unlike the award of $51,575 in arbitral attorney fees, the trial court's award of post-arbitration attorney fees was clearly erroneous and is reversible.

It is settled that each "party to a lawsuit must pay his or her own attorney fees except where a statute or contract provides otherwise." (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966.) On appeal, "this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law." (*Sessions Payroll Management, Inc. v. Noble Construction Co*. (2000) 84 Cal.App.4th 671, 677.)

7

In a previous appeal involving these same parties, Marik and Letkov as plaintiffs and UV-LLC as a defendant, this court found the pertinent contract, i.e., the UV-LLC Operating Agreement, does not contain an attorney fee provision. (*Marik et al. v. University Village, LLC, et al*. (Feb. 19, 2013, B236248 consolidated w/ B236249 [nonpub. opn.], slip opn., at p. 8.)[4]  In that case, the trial court awarded attorney fees to various defendants in the sum of $130,137.50.  (Slip opn., p. 2.) We reversed and held the parties to certain agreements, including the UV-LLC Operating Agreement, had no right to attorney fees because those agreements did not contain an attorney fee provision.  (Slip opn., p. 8.)

Here, in an attempt to overcome the absence of an attorney fee provision in the instant UV-LLC Operating Agreement, UV-LLC argues that Marik's action sought not only the documents of UV-LLC but also other University Village entities, and "[c]ertain of the UV Entities' operating agreements contain an attorney fees provision entitling the prevailing party to its fees in the event of a dispute."

UV-LLC's reliance on the existence of attorney fee clauses in *other entities'* agreements is misplaced.  In the absence of an attorney fee provision in the pertinent UV-LLC Operating Agreement, UV-LLC cannot recover attorney fees from Marik/Letkov, even if UV-LLC is a prevailing party.

Therefore, the award of $6,450 in post-arbitration attorney fees to UV-LLC must be reversed.

---

[4]     We grant appellants' motion, filed July 18, 2013, to take judicial notice of the unpublished opinion filed February 19, 2013, during the pendency of this appeal. Although unpublished, said opinion is citable pursuant to California Rules of Court, rule 8.1115(b).

8

## DISPOSITION

The judgment entered December 20, 2012, is reversed insofar as it awards UV-LLC post-arbitration attorney fees of $6,450. As modified, the judgment is affirmed. The parties shall bear their respective costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



KLEIN, P. J.


We concur:


CROSKEY, J.


KITCHING, J.