Filed 12/28/15  Seaport Village v. Terramar Retail Centers CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| SEAPORT VILLAGE LTD., | D066026 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2012-00094928-CU-BC-CTL) |
| TERRAMAR RETAIL CENTERS et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Katherine A. Bacal, Judge.  Affirmed.

Procopio, Cory, Hargreaves & Savitch, Richard A. Heller and Kendra J. Hall for Defendants and Appellants.

Higgs, Fletcher & Mack, John Morris and Victoria E. Fuller for Plaintiff and Respondent.

Plaintiff and respondent Seaport Village Ltd. (Limited) sued defendant and appellant Washington State Investment Board (WSIB), on breach of fiduciary duty and other theories.  Limited claimed WSIB was a partner or affiliate of another defendant and

appellant, Terramar Retail Centers (Terramar), and that those defendants wrongfully engaged in transactions and loans concerning a limited liability corporation (LLC) formed by Limited and Terramar to pursue a development project. Later, Limited voluntarily dismissed its complaint, to pursue dissolution of the LLC in another forum.

WSIB sought an award of prevailing party attorney fees under an attorney fees clause found in an operating agreement for the LLC's project (the Agreement), which Limited had entered into with Terramar and with another party (not WSIB). Before us is WSIB's appeal of the trial court's order determining that it was not entitled to an award of fees on either a statutory or contractual basis. (Civ. Code,[1] § 1717; Code Civ. Proc., § 1032.)

On appeal, WSIB contends it was a prevailing party within the meaning of the attorney fees clause in the Agreement (the fees clause), based on the authority of *Santisas v. Goodin* (1998) 17 Cal.4th 599 (*Santisas*). The tort claims against it arose out of Limited's disputes with codefendant Terramar over the Agreement, and therefore WSIB, an "affiliate," claims that the language of the fees clause was broad enough to allow

---

[1] All further statutory references are to the Civil Code unless otherwise indicated. Section 1717, subdivision (a) provides in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, *which are incurred to enforce that contract*, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing *on the contract* . . . shall be entitled to reasonable attorney's fees in addition to other costs. . . ." (Italics added.) The "prevailing party" is usually defined as "the party who recovered a greater relief in the action *on the contract*." (§ 1717, subd. (b)(1); italics added.) Under section 1717, subdivision (b)(2), there shall be no prevailing party where the action was voluntarily dismissed.

2

WSIB the contractual status of a "party" to the Agreement who can assert rights under it. (Code Civ. Proc., § 1021 [attorney compensation is left to the agreement of the parties].)

Alternatively, WSIB argues that since it was sued as a principal, partner or joint venturer with a named party to the contract (Terramar), WSIB developed a contractual entitlement to attorney fees as costs. (Code Civ. Proc., §§ 1032, 1033.5, subd. (a)(10) [fees may qualify as costs where there is a contractual or statutory provision granting them].) WSIB relies on the mutuality of remedy principles developed under section 1717 to claim that if Limited could have prevailed and shown a contractual entitlement to attorney fees, WSIB should likewise be able to do so on a reciprocal basis. (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 127-128 (*Reynolds*) [under § 1717, mutuality of remedies applies where a contractual provision makes recovery of attorney fees available for only one party].) WSIB contends that the fees clause applies to it, a nonsignatory, as a third party beneficiary of the fees clause or because it was alleged to be standing in the shoes of Terramar. (*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966 (*Cargill*).)

In its ruling, the trial court stated "there is no prevailing party on the contract for purposes of section 1717 [subd. (b)(2)] when, as here, the action has been voluntarily dismissed . . . ." The trial court further concluded that since WSIB was not a signatory to the Agreement, its only potential for claiming attorney fees would be pursuant to section 1717, but the voluntary dismissal of the noncontract claims in the action precluded it

3

from doing so.  (§ 1717, subd. (b)(2); *Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 786-787 (*Topanga*).)[2]

On appeal, WSIB argues that its motion was not brought under section 1717, and therefore that section's subdivision (b)(2) cannot properly bar it from recovery of attorney fees on the causes of action against it that were voluntarily dismissed.  WSIB was only sued on tort claims, and seeks attorney fees as cost items under the Code of Civil Procedure.

On de novo review of the questions of law on whether the statutory and contractual criteria for an award of attorney fees have been satisfied, we determine that neither the Code of Civil Procedure costs statutes relied upon nor section 1717 can properly authorize an award of prevailing party attorney fees to WSIB, within the scope of the Agreement.  (See *In re Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213; *Santisas, supra,* 17 Cal.4th 599, 618-619 [fee claims under section 1717 are both contractual and statutory]; Code Civ. Proc., §§ 1021; 1032, subd. (a)(4); 1033.5, subd. (a)(10).)  We affirm the order.

---

[2]     "Only in an action on a contract does section 1717 provide mutuality of remedy when the contract includes a provision for the recovery of attorney fees as costs.  It is applied where an otherwise unilateral right to recover attorney fees is not reciprocal, ensuring mutuality of remedy so that attorney fees may be awarded to whichever contracting party prevails.  It is also applied where a party is sued on a contract providing for an award of attorney fees to which he is not a party." (*Topanga, supra*, 103 Cal.App.4th at p. 780.)

FACTUAL AND PROCEDURAL BACKGROUND

*A. Project, Operating Agreement and Complaint*

Limited, a partnership, held a ground lease at the Seaport Village property. Together with Terramar's predecessor, it planned to redevelop and manage the property, and toward that end, formed the LLC in Delaware. Neither the LLC nor another party, a trust that signed the Agreement, is involved in this appeal. WSIB is not a party to the Limited-Terramar Agreement. WSIB made $20 million-plus loans to Terramar, which Limited claims were improperly used to discharge Terramar's debts and effectively allowed WSIB and Terramar to take over all the income from the project.

Limited's complaint against the LLC and Terramar sought to dissolve the LLC and obtain an accounting. As amended, Limited's action claimed Terramar and WSIB had breached fiduciary duties toward it, a member of the LLC. WSIB was alleged to be the partner or principal of Terramar, causing damages to Limited. In a separate cause of action, WSIB was charged with intentionally interfering with the contract (the Agreement) between Limited and Terramar. Compensatory damages of $27.5 million were sought, and a like amount of punitive damages.

As a defendant, the LLC obtained a grant of summary judgment on the ground that the dissolution issue should be litigated before the Delaware Court of Chancery. Accordingly, Limited voluntarily dismissed its complaint and filed another action in

Delaware against the LLC and Terramar, and eventually named WSIB as a defendant there.[3]

## B. *WSIB's Attorney Fees Motion; Ruling*

WSIB brought a motion to recover its own attorney fees, on the basis it prevailed when Limited voluntarily dismissed its action. WSIB relied on the Agreement's attorney fees provision (the clause), stating as follows: "If any action is brought by any party against another party, relating to or arising out of this Agreement, or the enforcement hereof, the prevailing party shall be entitled to recover from the other party reasonable attorneys' fees, costs and expenses incurred in connection with the prosecution or defense of such action." WSIB argued that this clause should be interpreted to authorize it, as a "party" prevailing in a lawsuit arising under the Agreement, to recover a total of $928,791.25 fees and costs. Approximately $89,400 was directly charged to WSIB for its defense, and it also sought all or half of another $839,389 jointly charged to WSIB and Terramar.

In its motion, WSIB relied on *Reynolds, supra*, 25 Cal.3d at pages 128 to 129, to argue that Limited had pursued it as a partner, coventurer or affiliate with Terramar, or as the principal to Terramar's agent. WSIB pointed out that Limited's complaint had sought attorney fees, and if Limited had prevailed in contract against it, WSIB could have been held liable to it for attorney fees. WSIB's motion cited to *Santisas, supra*, 17 Cal.4th 599

---

3    This court previously denied two motions filed by WSIB and co-appellant Terramar, considered with the appeal, that requested this court to take judicial notice of records in the related action Limited filed against them in Delaware's Court of Chancery.

for the proposition that a contract provision for prevailing party attorney fees may be broad enough to authorize a fee award in tort as well as contract actions. (*Id.* at pp. 608, 622.) The motion did not expressly cite to Code of Civil Procedure section 1032 (entitling prevailing parties to recover costs), or section 1033.5, subdivision (a)(10)(A) (providing that attorney fees authorized by contract are recoverable costs).

In opposition, Limited argued there was no statutory basis for an award of fees, and the contractual fee clause did not apply to WSIB, which did not sign the Agreement. Even if it was a very broadly worded clause, the voluntary dismissal precluded such a recovery of fees based on any contractual entitlement. (§ 1717, subd. (b)(2).) Limited argued that as to any tort claims, *Topanga, supra*, 103 Cal.App.4th 775, 786, clarified that a prevailing party must be a signatory to the contract under which attorney fees were sought. WSIB, not a signatory, should not be entitled to recover its defense fees.

Also in opposition, Limited claimed the motion was dilatory and the amounts sought were unreasonable, because WSIB had not participated extensively in the litigation. The action was still pending against Terramar in Delaware, and Terramar was not yet a prevailing party. Also, Limited believed there might be contractual indemnity rights between WSIB and Terramar, based on their loan arrangements, so WSIB might not have incurred liability for any fees anyway.

In reply and at the argument before the trial court, WSIB contended that it was not relying on section 1717 at all, because only tort claims had been made against it. Instead, it invoked the fees clause based on Limited's allegations it was a partner, co-venturer, or principal of a signatory (Terramar), for purposes of the breach of fiduciary and tort

7

causes of action against WSIB. The fees clause was broadly worded, arguably covering WSIB as an affiliate. WSIB argued it was not yet established whether it had any separate indemnity rights against Terramar, and even if so, those rights did not affect its entitlement to fees from Limited under the Agreement and Code of Civil Procedure section 1021.

The trial court denied WSIB's motion, concluding that section 1717, subdivision (b)(2), precluded any determination that it was a prevailing party, due to Limited's voluntary dismissal of its complaint. As a nonsignatory, WSIB had no basis for claiming fees except under section 1717 and *Reynolds, supra,* 25 Cal.3d 124, 128 ("mutuality of remedy"), and no fees were due after the dismissal. (*Topanga*, *supra*, 103 Cal.App.4th at pp. 783-786.) WSIB appeals.

DISCUSSION

I

*APPLICABLE STANDARDS AND ISSUES PRESENTED*

The facts are undisputed, and a de novo reading of the documents and statutory provisions is required to determine whether a legal basis for a contractual fee award has been shown. (*Conservatorship of Whitley*, *supra*, 50 Cal.4th 1206, 1213; *Sessions Payroll Management v. Noble Constr. Co.* (2000) 84 Cal.App.4th 671, 677 (*Sessions*); *Cargill, supra,* 201 Cal.App.4th 962, 966.) There can be no award without statutory or contractual authorization. (*Santisas, supra,* 17 Cal.4th 599, 614; *Real Property Services Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 379; Code Civ. Proc., § 1021.)

8

In *Santisas*, *supra*, 17 Cal.4th 599, the Supreme Court interpreted section 1717 in the context of a voluntary pretrial dismissal case, in which contractual attorney fees were sought by signatory defendants (sellers who signed the purchase agreement having an attorney fees clause). The court implemented the bar of section 1717, subdivision (b)(2) against any fees recovery by the seller defendants based on their defense to the contract claims, which had been voluntarily dismissed. However, the court also concluded the signatory defendants were not barred by the statute from recovery, as costs, of the amount they incurred in attorney fees to defend the related, but dismissed, tort claims asserted against them. (*Santisas*, *supra*, at pp. 622-623.) WSIB relies on the latter portion of the holding in *Santisas* to claim its tort defense fees, in the nature of costs, but through the operation of the Agreement's fees clause.

We initially address the argument by Limited that on appeal, WSIB is arguing wholly new statutory issues that were not presented to the trial court. Specifically, the motion brought by WSIB relied on the analysis and authority of *Santisas*, but it did not expressly argue or cite to an entitlement to attorney fees as costs, under Code of Civil Procedure sections 1032 or 1033.5. However, the portions of *Santisas, supra*, 17 Cal.4th 599, 608, 622, that WSIB relied upon before the trial court include analyses of the principles of section 1717 and their interaction with these Code of Civil Procedure costs statutes.

The opposition filed by Limited at the trial court level addressed the validity (invalidity) of WSIB's claim to recovery of fees on the noncontract causes of action, and

contended any contract-based fees were barred by the language of section 1717, subdivision (b)(2), concerning the voluntary dismissal.

At least arguably, all the essential issues of law were adequately presented to the trial court, on whether the fees clause was broad enough to apply to either contract or tort disputes, and whether WSIB qualified as a prevailing party under either contract or statute. We address these issues on this undisputed record.

II

*ENTITLEMENT TO AWARD OF ATTORNEY FEES AS COSTS*

WSIB contends on appeal, as it did in its reply papers below, that its motion did not rely on section 1717 at all, because only tort claims were made against it, then dismissed, and costs are an authorized recovery in tort. (Code Civ. Proc., §§ 1032, 1033.5.) It nevertheless continues to invoke the mutuality of remedy principles of section 1717, in support of its claims that it is contractually entitled to fees as costs. We examine both the contractual and statutory bases for its request.

Generally, recovery of litigation costs is governed by Code of Civil Procedure section 1032, subdivision (b) ("[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."). Code of Civil Procedure section 1032, subdivision (a)(4) defines a "prevailing party" as including, among others, "a defendant in whose favor a dismissal is entered." (*Santisas, supra*, 17 Cal.4th 599, 606.)

Under Code of Civil Procedure section 1033.5, subdivision (a)(10)(A-C), the definition of recoverable costs under its section 1032 may include attorney fees, "when

10

they are 'authorized by' either 'Contract,' 'Statute,' or 'Law.' " (*Santisas*, *supra*, 17 Cal.4th at p. 606.) WSIB could recover litigation costs that include attorney fees if it "has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." (*Ibid.*)

One such legal basis for a claim for attorney fees is section 1717, where applicable. Such claims "are based in part on a contractual provision and in part on a statute (that is, section 1717). To avoid any uncertainty about the proper classification of section 1717 attorney fees claims, the Legislature specified that they should be regarded as claims based on contract." (*Santisas*, *supra*, 17 Cal.4th 599, 618-619.) Where a voluntary pretrial dismissal of the case has occurred, section 1717, subdivision (b)(2), bars recovery of attorney fees incurred in defending the contract claims. (*Santisas*, *supra*, at p. 602.)

Under Code of Civil Procedure section 1021, parties may contractually arrange their liability for attorney fees in litigation, but "a tort claim for damages carries no award of attorney fees." (*Super 7 Motel Associates v. Wang* (1993) 16 Cal.App.4th 541, 550 (*Super 7 Motel Associates*); *Stout v. Turney* (1978) 22 Cal.3d 718, 730.) For section 1717 provisions to apply, the subject action must be "on a contract" for purposes of an attorney fee award, "even though the underlying transaction in which the [tort] occurred involved a contract containing an attorney fee clause." (*Super 7 Motel Associates*, *supra*, at p. 549; *Stout, supra*, at p. 730.)

For a proper party, recovery of prevailing party attorney fees incurred in defending tort or other noncontract claims is not precluded under section 1717 or other authority.

11

(*Santisas*, *supra*, 17 Cal.4th at p. 602.) "Whether attorney fees incurred in defending tort or other noncontract claims are recoverable after a pretrial dismissal depends upon the terms of the contractual attorney fee provision." (*Ibid.*) In that case, it was signatories to the contract who were entitled to the benefits of the fees clause, but only for their tort defense, and only as costs. (*Id*. at pp. 619-623.)

In *Topanga*, *supra*, 103 Cal.App.4th 775, the court explained that a requesting, prevailing party in litigation, that was not a party to the contract underlying the breach of contract cause of action, cannot rely on Code of Civil Procedure section 1033.5, subdivision (a)(10)(A) to authorize an award of contractual attorney fees as costs, even after it prevails on noncontract theories. (*Topanga, supra,* at pp. 783-785.) Contracts that fall within the scope of section 1717 fee entitlements are distinguishable from those "contracts within operation of the award of costs as provided in Code of Civil Procedure section 1033.5." (*Topanga, supra*, at pp. 783-784.) In the latter costs category, unless the party in the litigation who prevailed upon the noncontract claims was likewise a party to the underlying contract, the courts need not construe any attorney fees language to determine the extent to which that party "prevailed," or if there was any voluntary dismissal affecting the prevailing party determination. (*Id*. at pp. 786-787.) For attorney fees matters, it is "irrelevant" that such a party prevailed in noncontract litigation, if it was not a party to an underlying contract. (*Id*. at p. 787.)

## III

### *ANALYSIS*

#### A.  Attorney Fees Clause in Context of Tort Claims

"Whether a party to litigation is entitled to recover costs is governed by Code of Civil Procedure section 1032, which provides, in subdivision (b), that 'except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.' "  (*Santisas*, *supra*, 17 Cal.4th at p. 606.) Section 1717, subdivision (b)(2)'s voluntary dismissal bar to an award of contractual attorney fees is not applicable to a prevailing signatory defendant who seeks such contractual fees, that would be based on prevailing in tort.  (*Santisas, supra*, at pp. 619-623.)

WSIB concedes the breach of fiduciary duty and interference with contract theories against it sounded in tort.  (*Super 7 Motel Associates*, *supra*, 16 Cal.App.4th at pp. 544-546 [first substantive issue is whether the claims asserted fell within the intended scope of the fees clause; second issues is identity of party claiming fees].)  WSIB argues the fees clause is not specific as to the type of disputes that might arise under the Agreement, and it thus includes torts.  As set forth in *Santisas*:  "If the voluntarily dismissed action also asserts causes of action that do not sound in contract, those causes of action are not covered by section 1717, and the attorney fee provision, *depending upon its wording*, may afford the defendant a contractual right, not affected by section 1717, to recover attorney fees incurred in litigating those causes of action."  (*Santisas*, *supra*, 17 Cal.4th 599, 617; italics added.)

13

It is not enough for WSIB to claim fees under the Agreement pursuant to Code of Civil Procedure sections 1032 and 1033.5, since they do not provide for mutuality of remedies for contractual attorney fees. Expressly or by implication, WSIB seeks to bring itself within the contractual fees clause, through its definition of parties to the Agreement. "If a contractual attorney fee provision is phrased broadly enough . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims: '[P]arties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.' " (*Santisas*, *supra*, 17 Cal.4th at p. 608; Code Civ. Proc., § 1021.) A party that "agrees" to a prevailing party fees provision is presumably one that was a contracting or signing party, and WSIB was not, but it argues for coverage as follows.

B. Breadth of Attorney Fees Clause; "Party" or Third Party Beneficiary?

The face of the Agreement shows it was entered into by Limited and Terramar. WSIB asserts the fees clause should be read as entitling it to the status of a third party beneficiary of the contract, which could allow it fees recovery. (*Cargill, supra,* 201 Cal.App.4th 962, 966-967; *Sessions, supra,* 84 Cal.App.4th at pp. 680-681 [a nonsignatory seeking relief as a third party beneficiary may recover fees under a fee provision only if it appears that the contracting parties intended to extend such a right to one in his position]; *Real Property Services Corp. v. City of Pasadena*, *supra*, 25 Cal.App.4th at pp. 379, 382-383; *Santisas, supra*, 17 Cal.4th at p. 611.)

In deciding whether causes of action were "on a contract" for purposes of fees motions under section 1717, the relevant factors include the pleaded theories of recovery,

14

other theories asserted and any evidence produced, to identify the legal basis of the prevailing party's recovery. (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435-436 (*Hyduke's Valley Motors*).) By analogy, we can use this approach to decide the legal basis of Limited's claims against WSIB, and whether WSIB can invoke the fees clause as a prevailing party.

This Agreement includes some provisions applicable only to the members who signed it (Limited, Terramar, and the trust), such as the capital contributions section. To support coverage for it by the fees clause, WSIB contends the express exclusion of third party beneficiaries is specific to that section, and does not apply to the fees clause. In *Topanga*, *supra*, 103 Cal.App.4th 775, the applicability of the fees clause was expressly restricted to the named landlord and tenant parties, but WSIB claims this more generally worded clause should be interpreted more liberally, as to its definition of parties.

WSIB further argues it was not clearly excluded from coverage as a party, for purposes of the indemnity provision in the Agreement. The indemnity provision applies to a "party" or its affiliate, such as a person conducting the business of the project. WSIB claims the Agreement does not foreclose a finding that WSIB could be a third party beneficiary of the fees clause, as an affiliate. (*Cargill*, *supra*, 201 Cal.App.4th at pp. 966-967.)

WSIB relies on another way to decide the identity of contractual parties, which involves the reciprocity principles embodied in section 1717, "because under some circumstances a nonsignatory to the contract will be deemed entitled to the benefits of the attorney fee clause." (*Super 7 Motel Associates*, *supra*, 16 Cal.App.4th at pp. 544-546.)

15

Such reciprocity cases involve lawsuits "in which the plaintiff's claim, if successful, would have established the defendant was in fact liable *on the contract* even though the defendant was nominally a nonsignatory." (*Id.* at p. 548, italics added.)

Based on its interpretation of such provisions of the Agreement, WSIB claims it should somehow be treated as a party to the fees clause. However, the cited portions of the Agreement do not support its reading. Even considering the Agreement's provisions regarding an "affiliate" of a party, the Agreement does not show any overall intention to include WSIB as a party. The legal basis of WSIB's status as a prevailing party, voluntary dismissal of fiduciary duty or tort claims, was not on the contract. (*Hyduke's Valley Motors, supra,* 189 Cal.App.4th 430, 434-436; *Santisas*, *supra*, 17 Cal.4th 599, 617.) Limited instead alleged interference with the Agreement.

Limited's amended complaint did not expressly allege alter ego claims against WSIB, only agency or partnership theories, but WSIB claims it was sued on the Agreement as if it were a party to it. In *Reynolds*, the court interpreted section 1717 to provide a reciprocal remedy for nonsignatory defendants who were sued on alter ego theories, where the plaintiff would have been entitled to attorney fees if it had prevailed in enforcing *the contractual obligation* against the defendants. (*Reynolds, supra,* 25 Cal.3d at p. 128.) The plaintiff in *Reynolds* had entered into a contract containing an attorney fees provision with two companies. The companies went bankrupt, and the plaintiff sought to hold defendants personally liable for debts by claiming the defendants were "alter egos" of the bankrupt companies. (*Id*. at p. 127.) The plaintiff did not prevail on its claim that the defendants were "alter egos" of the corporation. (*Id.* at p. 129.)

16

Nevertheless, the court in *Reynolds* at page 128 determined that the defendants were entitled to recover section 1717 attorney fees because they were sued on the contract as if they were parties to it (alter egos), and had the plaintiff prevailed *on a contract theory*, they would have been responsible for plaintiff's attorney fees *under the contract*. (*Reynolds, supra*, at pp. 128-129, *Santisas*, *supra*, 17 Cal.4th at p. 611.)

To characterize WSIB as a third party beneficiary of the fees clause or as an alter ego to a named party would require some reliance on *Reynolds'* reciprocity principles. (See *Cargill*, *supra*, 201 Cal.App.4th at pp. 966-967.) These principles were developed because section 1717 was intended to preclude one-sided enforcement of contractual attorney fee provisions. (*Santisas*, *supra*, 17 Cal.4th at p. 617.) The *Reynolds* authority does not extend to a motion that is not based on section 1717. WSIB cannot support a direct or indirect fees request as a "party," or show that Limited's claims of breach of fiduciary duty toward it, or interference with Terramar's contract (even if Limited had succeeded), would have established that WSIB "was in fact liable *on the contract,"* even though it was nominally a nonsignatory. (*Super 7 Motel Associates*, *supra*, 16 Cal.App.4th at p. 548, italics omitted & added.)

C. Fees Clause Does Not Apply in This Voluntary Dismissal Case

"If an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims." (*Santisas*, *supra*, 17 Cal.4th at p. 615; *Reynolds, supra*, 25 Cal.3d at pp. 129-130.) The limitation on prevailing party recovery of fees when a complaint is voluntarily dismissed (§ 1717, subd. (b)(2)) applies to the contract-based claims, even where "the contract on its own

17

terms authorizes recovery of those fees." The statute overrides the contract in that instance. (*Santisas*, *supra*, at p. 617; italics omitted.)

*Santisas, supra*, 17 Cal.4th 599 interpreted section 1717 as allowing statutory recovery for costs, in the form of attorney fees under a fees clause, to parties prevailing in tort, who had signed the underlying agreement being sued upon. In that case, there was no need for reciprocity principles to reach that conclusion, since the court was considering the rights of signatories to the contract. (*Topanga*, *supra*, 103 Cal.App.4th at pp. 783-784 ["The significant point of the decision in *Santisas* is that the claims for attorney fees were based on the terms of a written contract entered into by the parties . . . section 1717 applies only to breach of contract actions and does not apply to tort causes of action."].) In *Santisas*, the voluntary dismissal rule of section 1717, subdivision (b)(2) did not preclude such an award to the signatory who had defended the noncontract causes.

However, if a nonsignatory defendant seeks fees under a contract, it does not qualify under that contract as the prevailing party on any alternative tort theories, pursuant to Code of Civil Procedure sections 1032, subdivision (a)(4) or 1033.5, subdivision (a)(10)(A), because it was not a contracting party. (*Topanga*, *supra*, 103 Cal.App.4th at pp. 783-786 [the prevailing defendants in *Santisas, supra,* 17 Cal.4th 599 were awarded fees as signatories to the underlying contract].)

Here, WSIB cannot assert contractual rights under the fees clause, without bringing in the reciprocity principles of section 1717. (*Reynolds, supra*, 25 Cal.3d at pp. 128-129.) It is a nonsignatory, not a third party beneficiary, and was not sued as an

18

alter ego. The Agreement does not fall within the scope of section 1717 to authorize a fee award to WSIB, as it admits. More importantly, the Agreement is not one of the "contracts within operation of the award of costs as provided in Code of Civil Procedure section 1033.5," because WSIB did not sign it. (*Topanga*, *supra*, 103 Cal.App.4th at pp. 783-784; *Santisas*, *supra*, 17 Cal.4th at pp. 622-623.) WSIB cannot invoke the *Reynolds* interpretation of section 1717, as to mutuality of remedy under a contractual attorney fees clause, to make it eligible to seek an award of fees as costs, even in a tort context.

As far as the record shows, if Limited had prevailed against WSIB, it would have been in tort, not on the Agreement's terms. WSIB cannot show it had a "contractual right, not affected by section 1717, to recover attorney fees incurred in litigating [tort] causes of action." (*Santisas*, *supra*, 17 Cal.4th at p. 617.) It is irrelevant, for purposes of fee entitlements, that WSIB prevailed in tort, since it was not a party to the underlying Agreement. (*Topanga, supra*, 103 Cal.App.4th at pp. 786-787.) WSIB has not set forth any contractual or statutory foundation to expand the applicability of the fees clause beyond the parties to the Agreement. As a matter of law, the court correctly denied the motion for attorney fees as costs.

19

DISPOSITION

The order is affirmed.  Costs on appeal are awarded to respondent.


                                                              HUFFMAN, J.

WE CONCUR:


        McCONNELL, P. J.


        McDONALD, J.


20