**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DARIN DAVIS, <br><br> Debtor, <br><br> ------------------------------ <br><br> ASPHALT PROFESSIONALS, INC., <br><br> Appellant, <br><br> v. <br><br> DARIN DAVIS, <br><br> Appellee. | No. 19-60036 <br><br> BAP No. 18-1326 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Kurtz, Bankruptcy Judges, Presiding

Argued and Submitted June 1, 2020
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and R. COLLINS,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

Asphalt Professionals, Inc. ("API") appeals from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order awarding attorney's fees to debtor Darin Davis. Davis prevailed in an adversary proceeding in which API sought a determination that Davis's debt arising from state court litigation was nondischargeable due to fraud. *See* 11 U.S.C. § 523(a)(2)(A). We have jurisdiction under 28 U.S.C. § 158(d)(1). We independently review the bankruptcy court's decision. *In re Hoopai*, 581 F.3d 1090, 1095 (9th Cir. 2009). Reviewing the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and its fee award for abuse of discretion, *see id.*, we affirm the BAP's judgment.

1. API contends that Davis cannot rely on the contractual provision for attorney's fees because it merged into the state court judgment on API's contract-based claims.[1] API acknowledges that it did not raise this contention before the BAP or the bankruptcy court. We "normally decline to entertain such forfeited arguments," *Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1978 (2016), and there is no reason to exercise our discretion here. Regardless,

---

[1] We assume without deciding that the state court's interlocutory judgment following phase one of the trifurcated proceedings and statement of decision imposing alter ego liability on Davis following phase two are final as to API and Davis for res judicata purposes. *But see API v. Emaron Homes, LLC*, No. B248837, 2014 WL 787024, at *2–3 (Cal. Ct. App. Feb. 27, 2014) ("Appellants prevailed on the alter ego phase, but that was not the final judgment.").

"[m]erger is an aspect of the doctrine of res judicata," and only "the particular cause or causes of action on the contract are merged into the judgment, not the contract itself," so merger "does not bar a different cause of action . . . on the same contract." *Gietzen v. Covenant RE Mgmt., Inc.*, 253 Cal. Rptr. 3d 97, 100 (Ct. App. 2019), *review denied*, No. S258934 (Cal. Jan. 2, 2020).

2.  "As a general rule, [contractual] attorney fees are awarded only when the lawsuit is between signatories to the contract." *Cargill, Inc. v. Souza*, 134 Cal. Rptr. 3d 39, 42 (Ct. App. 2011).  One exception "to redress fraud, protect the rights of third persons, or prevent a palpable injustice," is the alter ego doctrine.  *Brenelli Amedeo, S.P.A. v. Bakara Furniture, Inc.*, 35 Cal. Rptr. 2d 348, 355 (Ct. App. 1994).  An alter ego finding "makes the alter ego liable for the obligations of the corporation." *Leek v. Cooper*, 125 Cal. Rptr. 3d 56, 63 (Ct. App. 2011).  Because "an alter ego is one who, effectively, *is* the corporation," he is "entitled to the benefit of the [contractual] provisions" as well.  *Rowe v. Exline*, 63 Cal. Rptr. 3d 787, 793–94 (Ct. App. 2007) (quoting *Dryer v. L.A. Rams*, 709 P.2d 826, 834 (Cal. 1985)); *see also Victrola 89, LLC v. Jaman Props. 8 LLC*, 260 Cal. Rptr. 3d 1, 13 (Ct. App. 2020) (justifying alter ego's entitlement to enforce contractual provision on theory of equitable estoppel).  Therefore, the bankruptcy court did not err in awarding attorney's fees to Davis even though the nondischargeability proceeding was not "on a contract."  Cal. Civ. Code § 1717(a).

3

**AFFIRMED.**