Filed 9/25/24  Parize v. Long Beach Memorial Medical Center CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARIA PARIZE et al., | B322881 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. 20LBCV00068) |
| v. | |
| LONG BEACH MEMORIAL MEDICAL CENTER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

Law Offices of Yoshida & Garcia, Shogo Garcia for Defendant and Appellant.

Detrick Law Office and Brian S. Detrick for Plaintiffs and Respondents.

Appellant Long Beach Memorial Medical Center (LBMMC) appeals from an order awarding attorney fees to respondents Maria and Marco Parize.[1]  The Parizes were injured in an automobile accident and received medical treatment at LBMMC. After the Parizes settled their personal injury claims, LBMMC sought repayment of medical bills, placing a lien on the settlement proceeds and preventing their release to the Parizes. The Parizes sued LBMMC and others, seeking to determine which parties were entitled to payments from the settlement and to enjoin LBMMC from further collection actions. The Parizes prevailed on three causes of action against LBMMC. They moved for attorney fees pursuant to a fee provision in the Conditions of Admission contract (the admission contract) they signed when receiving medical treatment at LBMMC.  The trial court granted the motion, finding that the Parizes were the prevailing parties, their claims were based on the contract, and they were therefore entitled to attorney fees.

On appeal, LBMMC argues that the court erred in granting attorney fees to the Parizes based on the admission contract. It contends that none of the Parizes' prevailing claims arose out of that contract.  In addition, it argues that it did not initiate a collection action to trigger recovery under the attorney fee provision.  We find no error and affirm.

FACTUAL BACKGROUND

I.     **The Accident, Personal Injury Lawsuit, and Settlement**

On December 22, 2015, the Parizes sustained injuries in an automobile accident.  They were transported to Community

---

[1]     We refer to the Parizes individually by first name for clarity.

2

Hospital of Long Beach (CHLB), a hospital operated by LBMMC,[2] where they received treatment. Marco was released after several hours; Maria was transferred to LBMMC and remained hospitalized for several additional days.

The Parizes filed a personal injury lawsuit in January 2016 against the other driver for damages suffered in the accident. After they reached a settlement paying them the insurance policy limits of the other driver, they dismissed the lawsuit in August 2019.

## II. The Lawsuit Over the Settlement Proceeds

### A. Complaint

The Parizes filed a complaint in January 2020 against CHLB; CHLB's attorneys, the Law Offices of T. Mae Yoshida and T. Mae Yoshida (together, Yoshida); the Parizes' former attorney; and the Parizes' insurers. They filed the operative first amended complaint (FAC) in March 2020 alleging ten causes of action against the defendants, including, as relevant here, claims for interpleader, declaratory relief, and injunctive relief.

The Parizes alleged that they received settlement checks of $45,000 for Maria and $5,000 for Marco in payment for the settlement of their personal injury action. However, the checks were made payable jointly to the Parizes, Yoshida, and others. The Parizes alleged that CHLB "by and through [Yoshida], asserts a claim" against Maria's settlement in the amount of $19,148.10 and against Marco's settlement in the amount of $2,526. According to the FAC, the Parizes were unable to deposit the settlement checks because Yoshida refused to endorse the checks, as Yoshida had "advanced a lien claim on behalf of CHLB

---

[2] As the parties did below, we treat CHLB and LBMMC interchangeably.

to the Settlement Checks." As a result, CHLB, through Yoshida, was "holding the entire settlement of both [the Parizes] hostage with its unreasonable and bad faith demands." The Parizes further alleged that CHLB "interfere[d] in the business relationships of Plaintiffs with other defendants in this case and has chosen to exert its superior financial strength against Plaintiffs to try to obtain additional funds to which it is not rightfully entitled."

In their first cause of action for interpleader, the Parizes alleged that the claims made to the settlement checks by the defendants exceeded the total amount of the settlement. The Parizes therefore sought to "interplead the Settlement Checks and compel Defendants to litigate their several claims to the proceeds of the Settlement Checks." In their second cause of action for declaratory relief, the Parizes sought a "judicial determination of the rights and duties of the parties to the Settlement Checks, and a declaration as to the amount to which defendant CHLB is entitled under the Settlement Checks." They also sought a declaration "to determine whether liens have been properly formed and exist." Their third cause of action for injunctive relief sought to require CHLB to endorse the settlement checks to allow their deposit and to enjoin further enforcement actions by CHLB regarding the settlement proceeds.[3]

---

[3] The FAC also alleged fourth through tenth causes of action for conversion, intentional interference with contractual relations, intentional interference with prospective business advantage, violation of the Consumers Legal Remedies Act, violation of the Elder Abuse and Dependent Adult Civil Protection Act, fraud, and money had and received. These claims are not at issue in this appeal.

In May 2020, the Parizes amended the FAC, substituting LBMMC for a Doe defendant.

**B.     Trial and Judgment**

The parties waived jury trial and the matter proceeded to a bench trial on August 16, 2021.  By that point, the court had entered default against Yoshida, the insurers had been dismissed, and the Parizes did not dispute their former counsel's right to payment.  Thus, the only remaining issues for trial were the claims against LBMMC.

On the day set for trial, prior to the introduction of evidence, the court inquired whether LBMMC continued to claim an interest in any portion of the Parizes' settlement checks.  After a recess during which the parties met and conferred, counsel for LBMMC agreed that it was not claiming any right to the settlement amounts issued to either Marco or Maria and was not seeking to enforce the liens.  He acknowledged that LBMMC had billed Medicare and received payment for the amounts owed.  The court then found in favor of the Parizes on the first, second, and third causes of action for interpleader, declaratory relief, and injunctive relief, respectively.

Trial proceeded on the remaining fourth through tenth causes of action, with the Parizes presenting four witnesses.  The parties stipulated to the admission of all of the Parizes' exhibits, which included letters to their attorney from Yoshida in 2016, providing notice of hospital liens and stating that Yoshida "represents [CHLB] for recovery of outstanding medical bills." The liens asserted a claim "against any and all settlements" by the Parizes for "reimbursement of emergency and ongoing medical expenses."  LBMMC did not present any evidence.  After both sides argued, the court denied the remaining claims.

5

The Parizes submitted a proposed judgment, which the court entered as the final judgment on September 15, 2021.[4] Pursuant to the judgment, the court granted the Parizes' requests for interpleader, declaratory relief, and injunctive relief, and denied the remaining claims in the complaint. The court ordered disbursement of a portion of each settlement check to former counsel for the Parizes as the first lienholder and the balance to the Parizes. The court also issued a declaration that "the statutory hospital liens relating to the [CHLB] charges for December 22-23, 2015, which had been referred to [Yoshida] for collection are disallowed and expunged and that no amounts relating to the billings, charges or unpaid balance for such hospital charge . . . are due." The court further enjoined LBMMC and Yoshida from further litigation relating to the hospital charges. The judgment also provided that the Parizes "are the prevailing parties and to be awarded costs and disbursements" against LBMMC and Yoshida, in an amount to be determined, with the issue of attorney fees to be determined by post-trial motion.

## C.     Motion for attorney fees

The Parizes filed their motion for attorney fees on March 14, 2022, seeking an award of $43,805.34 in fees and costs against LBMMC pursuant to Civil Code section 1717 (section 1717). They cited to the admission contracts, signed in December

---

[4]     LBMMC later claimed, in opposition to the motion for attorney fees, that it submitted objections to the proposed judgment on September 15, 2021, the same day the judgment was entered. These objections are not in the appellate record and were not included as an exhibit to LBMMC's opposition to the fee motion. LBMMC does not raise any claim of error with respect to these objections on appeal.

2015, pursuant to which LBMMC and Yoshida attempted to collect payment for their treatment. Each contract contained a fee provision stating, "If my account is referred to an attorney for collection, I shall pay reasonable attorney's fees and collection expenses." The Parizes argued that this provision was triggered when LBMMC referred the matter to Yoshida for collection of the amounts owed for treatment, and that those actions gave rise to their claims for interpleader, declaratory relief, and injunctive relief.

LBMMC opposed on June 30, 2022, arguing that the entire lawsuit was "nothing more than a sham attempt to extort settlement money" from LBMMC. LBMMC acknowledged that at the outset of trial, it had informed the court that it did not "assert any claim to the interpleader and was not making any claim to Plaintiffs' settlement funds." The court accordingly granted the Parizes' first through third causes of action prior to trial. LBMMC also claimed that the judgment, drafted by counsel for the Parizes and entered by the court, contained "matters that were never adjudicated or even raised at trial." LBMMC argued that the Parizes were not prevailing parties in the matter and that their claims did not involve any contract dispute.

In reply, the Parizes objected that the opposition was untimely. They noted that the judgment found that they were the prevailing parties on the first three causes of action. They also rebutted the claim that the action was not on a contract, asserting that the "entire hospital lien claim encumbering the funds at issue was based upon [LBMMC's] assertion of a contractual duty to have money paid to LBMMC pursuant to its conditions of admission contract and the related billings." The Parizes also pointed to their exhibits showing that LBMMC's

claims were referred to Yoshida for collection, thus triggering the attorney fee provision in the contract.

At the hearing on the motion, LBMMC argued that the lawsuit was not necessary because the liens had already been released. The court indicated it did not find that argument persuasive, reasoning that it "had to order funds to be released to the main plaintiffs. A lien had been placed. The reason we had to go to trial was to resolve the issue of . . . why the lien was placed in the first place, so, clearly, it's a collection effort." The court also found that the Parizes were "the prevailing parties on the subject contract." The court therefore granted the motion, awarding $37,350 in attorney fees to the Parizes.[5]

LBMMC timely appealed.

## DISCUSSION

LBMMC challenges the trial court's award of attorney fees to the Parizes under section 1717. It does not dispute that the Parizes were the prevailing parties on the first, second, and third causes of action. Instead, LBMMC contends that these claims were not based on the admission contracts and therefore could not trigger that contract's attorney fee provision.[6] The trial court rejected this argument. We agree with the trial court and therefore affirm.

## I.    Legal Standards

"Each party to a lawsuit must pay his or her own attorney fees except where a statute or contract provides otherwise."

---

[5]     The court separately granted the Parizes' request for costs as set forth in their memorandum of costs.

[6]     LBMMC does not challenge the amount or reasonableness of the fees claimed.

8

(*Cargill, Inc. v. Souza* (2011) 201 Cal.App.4th 962, 966 (*Cargill*).) With reference to contracts which contain an attorney fees clause, section 1717, subdivision (a) states in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Section 1717 was enacted by the Legislature to ensure mutuality of remedy in the recovery of attorney fees. (*Trope v. Katz* (1995) 11 Cal.4th 274, 285.) "Thus, where a contract provides that only one party may obtain attorney fees in litigation, [section 1717] makes the right to such fees reciprocal, such that the 'party prevailing on the contract' claim will be entitled to recovery of the fees '"whether he or she is the party specified in the contract or not."'" (*Pacific Custom Pools, Inc. v. Turner Construction Co.* (2000) 79 Cal.App.4th 1254, 1268, quoting *Santisas v. Goodin* (1998) 17 Cal.4th 599, 610, 611.)

On appeal, "a determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo." (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751; see also *Cullen v. Corwin* (2012) 206 Cal.App.4th 1074, 1078; *Cargill, supra*, 201 Cal.App.4th at p. 966.) "In particular, we independently review the trial court's determination with respect to whether the terms of a written agreement constitute a legal basis for awarding attorney fees." (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1605.)

## II.    Analysis

The Parizes sought attorney fees as the prevailing parties pursuant to section 1717.  LBMMC does not dispute that the Parizes were the prevailing parties on their first three causes of action.  At issue in this appeal is whether these claims were "on a contract" within the meaning of the statute.

"'California courts liberally construe the term ""on a contract"'"' as used within section 1717. As long as the action "involve[s]" a contract it is "'on [the] contract'" within the meaning of [s]ection 1717."' (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894, quoting *Dell Merk, Inc. v. Franzia* (2005) 132 Cal.App.4th 443, 455; see also *Care Constr., Inc. v. Century Convalescent Centers, Inc.* (1976) 54 Cal.App.3d 701, 706 ["as long as the action here involved a contract it was 'on a contract' and within Civil Code, section 1717"].)

"'It is difficult to draw definitively from case law any general rule regarding what actions and causes of action will be deemed to be "on a contract" for purposes of [section] 1717.'" (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435.)  "Among the relevant factors are 'the pleaded theories of recovery, the theories asserted and the evidence produced at trial, if any, and also any additional evidence submitted on the motion in order to identify the legal basis of the prevailing party's recovery.'" (*Ibid.*, quoting *Boyd v. Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 377; see also *Mountain Air, supra*, 3 Cal.5th at pp. 760–761 [courts may consider pleaded theories of recovery and the evidence produced at trial to determine "whether a claim on which attorney fees are incurred is within the scope of a fees provision"].)  As summarized

by the court in *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 241–242, "[a]n action (or cause of action) is 'on a contract' for purposes of section 1717 if (1) the action ... 'involves' an agreement, in the sense that the action ... arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement, and (2) the agreement contains an attorney fees clause."

Under the admission contract's fee provision, the Parizes agreed to pay attorney fees if the bills for their hospital treatment were "referred to an attorney for collection." Section 1717 makes this type of unilateral attorney fee clause reciprocal, and therefore entitles the Parizes to attorney fees if they prevail in an action for collection of their hospital bills. (See §1717, subd. (a).). LBMMC contends that none of the Parizes' successful causes of action had "any basis in contract or any contractual dispute." LBMMC fails to address any of the relevant authority regarding whether a claim is "on a contract" for the purpose of section 1717. Moreover, the weight of that authority and the evidence in the record here fail to support LBMMC's argument.

In determining whether an action is "on the contract" under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action. (See *Baugh v. Garl* (2006) 137 Cal.App.4th 737, 742.) Here, LBMMC focuses on the fact that the remedies sought by the Parizes in the relevant causes of action were equitable. But the Parizes' claim for declaratory relief was nevertheless "on the contract," as they sought a determination of LBMMC's claimed right to payment under the admission contract. (See, e.g., *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 707 ["In its claim

11

for declaratory relief, Exxess requested that the trial court determine the parties' rights and duties under the lease. Such a claim is 'on a contract' for purposes of section 1717."]; *Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1246 ["Actions for a declaration of rights based upon an agreement are 'on the contract' within the meaning of Civil Code section 1717."].)

Similarly, the claim for injunctive relief was founded on contract. "Actions seeking injunctive relief are, of course, equitable in nature. Although most arise out of torts ..., injunctions are occasionally granted in contract actions." (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 126, p. 205.) Here, the basis of the Parizes' claim for injunctive relief was contractual in nature, as they sought to enjoin LBMMC from further collection action for amounts owed under the contract.[7]

LBMMC also contends that the fee provision was not triggered because it did not initiate a collection action. It argues that the hospital liens, filed under the Hospital Lien Act (HLA) (Civ. Code, § 3045.1 et seq.), were not liens against the Parizes,

---

[7]     We need not reach LBMMC's argument that the interpleader cause of action was not based on a contract in light of our findings on the other two claims. "Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129–130; *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111 ["[a]pportionment of a fee award between fees incurred on a contract cause of action and those incurred on other causes of action is within the trial court's discretion"].)

but third parties.[8] However, the Parizes' claims did not allege that LBMMC asserted liens directly against them, but rather that LBMMC used the liens to encumber and stall disbursement of the settlement payments and force repayment of amounts claimed by LBMMC. Moreover, the judgment entered by the trial court found that the charges relating to the Parizes' hospital treatment "had been referred to [Yoshida] for collection." We agree with the trial court that the evidence established that the amounts claimed by LBMMC were referred to LBMMC's attorney for collection, thus falling within the scope of the attorney fee provision of the admission contract. Accordingly, the trial court did not err in determining that, as the prevailing parties, the Parizes were entitled to attorney fees pursuant to section 1717.[9]

---

[8] "The HLA provides a hospital with a statutory lien against any judgment, settlement, or compromise paid by a third party tortfeasor or tortfeasor's liability insurer to a patient who received emergency room care." (*Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2014) 229 Cal.App.4th 549, 558, citing *Parnell v. Adventist Health System/West* (2005) 35 Cal.4th 595, 598; Civ. Code, § 3045.2.)

[9] After receiving two extensions of time, appellant attempted to file an appellate reply brief several days past the deadline to do so. We rejected that filing and then denied appellant's application for leave to file a late reply. We found that appellant failed to offer any excuse or demonstrate good cause for the untimely filing. We also cautioned appellant that "[i]issues not raised in the parties' filed briefs may not be raised for the first time at oral argument." Despite this admonition, appellant raised several issues during oral argument that were not addressed in its opening appellate brief. We do not consider any issues appellant raised for the first time in its rejected reply brief

13

**DISPOSITION**

The order granting the Parizes' motion for attorney fees is affirmed.  The Parizes are entitled to their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P. J.                                                MORI, J.

---

or during oral argument.  (See *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6 ["An appellate court is not required to consider any point made for the first time at oral argument"]; <u>*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8</u> ["Obvious considerations of fairness in argument demand that the appellant present all of his [or her] points in the opening brief. . . .  Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before."].)